FILED

FEB 27 2012

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WAYNE YOUNG,<br><br>Petitioner,<br><br>vs.<br><br>WILLIAM B. KNIPP,<br><br>Respondent. | Civil No. 12-0450 BEN (RBB)<br><br>**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner, Jerry Wayne Young, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma pauperis. The Court does not rule on Petitioner's request to proceed in forma pauperis because this case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

**PETITION BARRED BY GATEKEEPER PROVISION**

The instant Petition is not the first petition for a writ of habeas corpus Petitioner has submitted to this Court challenging his March 20, 2005 conviction in San Diego Superior Court, Case No. SCD 145402. On February 5, 2002, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in Case No. 02cv0225 WQH (JFS). In that petition, Petitioner challenged his conviction in San Diego Superior Court, Case No. SCD 145402 as well. On September 1, 2004, this Court denied the petition on the merits. (*See* Case No. 02cv0225 WQH (JFS), Sept. 1, 2004 Order [ECF No. 84].) Since then, Petitioner has filed two other petitions pursuant to 28 U.S.C. § 2254 in this Court challenging his San Diego Superior Court conviction in Case No. SCD 145402. In Case No. 04cv0569 BEN (POR), Petitioner

challenged his conviction in Case No. SCD 145402, and the case was dismissed on statute of limitations grounds. (*See* Case No. 04cv0569 BEN (POR), ECF Nos. 1, 31.) In Case No. 11cv0460 JAH (NLS), Petitioner challenged his conviction in Case No. SCD 145402, and the case was dismissed as second or successive. (*See* Case No. 11cv0460 JAH (NLS), ECF Nos. 1, 6.)

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petitions. Unless a petitioner shows he or she has obtained an order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Murray v. Greiner*, 394 F.3d 78, 81 (2d Cir. 2005) (holding that dismissal for failure to comply with one-year statute of limitations renders subsequent petitions challenging the same conviction or sentence "second or successive" under 2244(b)). Here, there is no indication that the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication that Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. *The Clerk of Court is directed to mail Petitioner a blank Ninth Circuit Application for Leave to file a Second or Successive Petition form together with a copy of this Order.*

IT IS SO ORDERED.

DATED: February 27, 2012

HON. ROGER T. BENITEZ
United States District Court Judge